IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RYKER WILLIAM SCHENCK,

            Petitioner,

v.

MARIN SUPERIOR COURT, et al.,

           Respondents.

Case Nos.: 12-6396 CW (PR)
          13-0384 CW (PR)

Ninth Circuit Case No: 13-15800

ORDER DENYING CERTIFICATE OF APPEALABILITY AND DIRECTING CLERK TO FORWARD THE RECORD TO THE NINTH CIRCUIT

Petitioner, a state prisoner proceeding pro se, filed these two cases as habeas corpus petitions. By order filed March 19, 2013, the Court reviewed the cases and found that they appeared to be identical and both contained habeas and civil rights claims. Docket no. 6. The Court found that none of the claims raised were cognizable, dismissed the cases without prejudice and entered judgment. Id. & Docket no. 7. Petitioner has filed a notice of appeal in both cases. The United States Court of Appeals for the Ninth Circuit has combined the appeals and referred the matter back to this Court for a determination whether a certificate of appealability (COA) should issue in these appeals, which arise in part under 28 U.S.C. § 2254.

This Court dismissed Petitioner's habeas claims for the following reasons:

> It is clear from the face of the petition that Schenck's habeas claim for early release from state custody because of the alleged miscalculation of custody credits has not been exhausted by presentation of the claim to the California Supreme Court. Accordingly, the claim is DISMISSED without prejudice. See Rose v. Lundy, 455 U.S. 509, 515 (1982). Further, Schenck's request that the Court notify him of any outstanding federal criminal charges and bring him to trial on such charges is not properly before this Court. Any such request must be made in accordance with the requirements

United States District Court
For the Northern District of California

of the Interstate Agreement on Detainers Act, 18 U.S.C. App. II.

Docket no. 6 at 2:3-13.

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed above, Petitioner has not shown that jurists of reason would find it debatable whether the Court is correct in its procedural ruling that these petitions are subject to dismissal. Accordingly, a COA is DENIED.

The Clerk of the Court shall forward a copy of this Order to the Ninth Circuit together with the record. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

Dated:  7/29/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2